John D. Bennett, S.
This is a proceeding under section 201 of the Surrogate’s Court Act to compel the executor to set off $1,000 for the surviving widow as prescribed by subdivision 4 of section 200 of the Surrogate’s Court Act.
The executor concedes that the widow is entitled to the $1,000, that same was vested in the surviving spouse as of the date of decedent’s death, and that said amount is not part of the estate assets. However, he claims that the widow is in possession of over $10,000 worth of personal property belonging to the estate and that she should either turn over the assets belonging to the estate, at which time the $1,000 would be paid to her, or she should elect to have the $1,000 credited to her out of the personal property that she is presently holding.
The widow contends that even if the estate can prove that the property held by her belongs to the estate, the executor must pay her the $1,000 immediately and await a later determination regarding the ownership of the afore-mentioned property. She *986 relies on Matter of Macneal (174 Misc. 947) where it was held that executors are not authorized to set off the surviving spouse’s pecuniary exemption afforded under section 200 of the Surrogate’s Court Act against a debt she owed the decedent.
The court finds that the executor is not offsetting the widow’s exemption against any indebtedness owed by the widow to the decedent during his lifetime. The executor is contending that she already has possession of personal property belonging to the estate which exceeds the value of $1,000 and that he is entitled to interpose a counterclaim against her claim for $1,000 in a section 201 of the Surrogate’s Court Act proceeding. The court finds that the procedure is warranted under CPLR 3019 (subd. [a]). While it is true that the widow’s alleged liability to the estate has not been fixed or adjudicated, orderly procedure dictates that the discovery proceeding concerning the assets in question be disposed of prior to a determination of the within issue, and that this proceeding in the meantime be stayed, provided however that the executor promptly proceed with the prosecution of a discovery proceeding.